Lockwood, Justice, delivered tbe opinion of the court: (1) Leonard sued Thomas in assumpsit, upon a store account, for goods sold and delivered, money lent, and money due on settlement of accounts. Plea, non-assumpsit. On the trial, tbe defendant below took two bills of exceptions. One of the bills states “ that after the jury had been called and duly sworn, but before any evidence was given, or other step taken, the attorney of the plaintiff stated to the court, that George W. Bradford, one of the jurors sworn, was related to the defendant, and that he [*557] had, inadvertently, not assigned it when the jury was sworn ; and thereupon the court, without the consent of the defendant, discharged the said George W. Bradford, and directed another juror to be called and sworn in his place, which was done.” Was the discharge of the juror under the circumstances error ? In the case of Stone v The People, 2 Scam. 326, which was an indictment for murder, the court decided that the discharge of a juror, who was discovered to be an alien, after some evidence had been given, and notwithstanding the defendant objected, was not error. In the case of Stone, however, evidence was furnished that the juror was an alien; but in the case under consideration, it does not appear whether any evidence was offered that the juror was related to the defendant, nor whether the fact of relationship was denied, either Lf the defendant or the juror. It is evident that the discharge of the juror could not have worked any injury to the defendant. The objection is purely a technical one, and seems to be based upon the ground that the circuit court has no power to discharge a juror, after he has been sworn, however great the incompetency of the juror may be. This doctrine was expressly overruled in the case in 2 Scam. The court consequently has a discretion to discharge a juror, whenever it comes to the knowledge of the court that one has inadvertently been sworn, who cannot render a legal verdict in the case. The only possible objection to the exercise of the power in this ease is, that it does not affirmatively appear that the juror was related to the defendant. Is it not, however, fairly presumable that evidence of the, fact of relationship, in some form, was before the court? Ought this court to presume that the court below acted arbitrarily in discharging the juror? Or should we indulge all reasonable presumptions in favor of the regularity of the proceedings below ? The course of decisions in this court tends strongly to the conclusion, that bills of exceptions are in the nature of pleadings, and if liable to the charge of ambiguity, uncertainty, or omission, they should be construed, like other pleadings, most strongly against the party preparing them. It is not however, necessary to resort to this rule, to presume that the court below had evidence to justify the discharge of the juror. The second bill of exceptions states that the plaintiff asked a witness called by him, the following question, to wit: “ Are the articles in this account (holding up the account rendered) charged upon the books of the plaintiff?” To the asking and answering of which question the defendant objected, as being illegal, improper, and irrelevant; but the court overruled s lid objection, and permitted said witness to answer, and he did answer and state that said articles were charged upon the books, The plaintiff then asked of the same witness, whether said account was a correct copy from the books; also after proving that some of the articles were purchased by the daughters of the de- [* 558 ] fendant, the plaintiff asked of said witness the following question: “What did the daughters say when they purchased said goods ?” To the asking and answering of which question the defendant objected, but the court overruled the objection, and permitted said witness to answer said question, and thereupon the witness stated that the account was a correct copy from the books, and that the daughters of the defendant stated, when they got some of the articles, “ that they were to be charged to the defendant,” This bill of exceptions is also liable to the objection of uncertainty and omission. It is however apparent from the bill, that the first question asked the witness, was not intended to prove the account, but a fact that might be important to rebut any presumption that the articles sold were not regularly charged on the books of the plaintiff. If this had been all the evidence to support the delivery of the goods, there can be no doubt it would have been so stated in the bill of exceptions. As this evidence may have been an important link in the plaintiff’s chain of evidence, this court cannot determine that it was illegal and irrelevant testimony. The question, “What did the daughters say when they purchased said goods ?” was clearly a part of the res gestae, and competent to show what took place when the good3 were purchased. This evidence was not offered to prove that the defendant was liable to pay for the goods. That depended upon the question whether the daughters of the defendant were to be considered as the agents of the defendant in making the purchase of the goods. If the answer had been, that, they directed that the goods should be charged to some third person, this would have afforded a strong presumption that they were not acting as the agents of the father. This testimony was therefore admissible to go to the jury ; bub whether it was sufficient to authorize a recovery, without other proof, is entirely a different question, and one which this court is not called upon to determine. We are consequently of opinion that the errors rélied on are insufficient to reverse the judgment. It is therefore affirmed with costs. Judgment affirmed. Wilson, Chief Justice, did not hear the argument in this cause, and gave no opinion.